MURIEL B. KAPLAN (SBN: 124607)
MICHELE R. STAFFORD (SBN: 172509)
SALTZMAN & JOHNSON LAW CORPORATION
120 Howard Street, Suite 520
San Francisco, CA 94105
Telephone: (415) 882-7900
Facsimile: (415) 882-7900
mkaplan@sjlawcorp.com
mstafford@sjlawcorp.com

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NORTHERN CALIFORNIA GLAZIERS, ARCHITECTURAL METAL AND GLASS WORKERS PENSION PLAN; et al., <br><br> Plaintiffs, <br><br> vs. <br><br> HARDMAN GLAZING SYSTEMS, INC., <br><br> Defendant. | CASE NO.: C 04-0034 BZ <br><br> **REQUEST TO ISSUE WRIT OF EXECUTION AND DECLARATION OF MURIEL B. KAPLAN IN SUPPORT THEREOF; ~~PROPOSED~~ ORDER** |

I, Muriel B. Kaplan, declare under penalty of perjury that:

1.   I am the attorney for the plaintiffs in the above-entitled action.

2.   On October 24, 2005, within ten (10) years past, a Second Amended Judgment Pursuant to Stipulation (hereinafter "Stipulated Judgment") was entered in favor of plaintiffs and against Defendant in the total amount of $151,928.55.

3.   Defendant was to *conditionally* pay the total amount of $63,685.92 to plaintiffs (see Paragraph 4 of the Stipulation), by making monthly payments. This conditional total was less:

- $5,685.42 found due on an audit of defendants' records, and disputed without substantiation;

1    • $49,035.21 in liquidated damages, which were subject to a waiver request by defendant, and conditioned on the remaining amounts due under the Stipulation being paid in full. (Paragraph 4 (iv) of the Stipulation).

    • $33,522.00 which was to be paid by joint check directly from U.S. Aluminum to plaintiffs.

U.S. Aluminum paid a total of $30,918.00 directly to plaintiffs. As the amount paid was less than the $33,522 contemplated in the agreement, Defendant was informed by correspondence dated December 7, 2005 (a true and correct copy of that letter is attached hereto as Exhibit A and incorporated herein by this reference) advising him that he would be responsible for the $2,604.00 shortage.

All of the amounts not included in the "conditional total" become part of the Judgment upon default. (Stipulated Judgment, paragraph 7(a)).

4.  Stipulated payments were required to be made on or before the 20th of each month, beginning in October 2005. (See Paragraph 4 of the Stipulation filed with this Court, and attached hereto as Exhibit B). The last Stipulated Payment was received on December 26, 2006. The principal balance remaining due on the ***conditional total*** for the Stipulated Judgment is $13,626.55, plus interest at a rate of five percent per annum from December 27, 2006 until satisfied.

5.  Pursuant to paragraph 5 of the original Stipulation, defendant was to remain current in the payment of monthly contributions due for hours worked by its employees. Defendant has reported but not paid contributions due for November 2006 in the amount of $10,346.68.

Defendant contacted the undersigned declarant regarding the non-payment of November 2006 contributions. In a telephone conversation with me on January 10, 2007, defendant inquired as to a joint check agreement for that payment. Following my affirmative response, defendant was to immediately fax the November 2006 report to me and advise me as to the other party to such agreement, the job and the amount due from that job. I have heard nothing further in the three weeks since that date; the report was sent to the administrator.

Attached hereto as Exhibit C and incorporated herein by this reference is a true and correct copy of the Trust Funds' administrator's most recent spreadsheet showing the amounts

1 currently owed.

2 Pursuant to the policies of the Trust, unreported months are estimated at the amount
3 last reported, in this instance for December 2006. The estimated amount due for unpaid December
4 2006 contributions is 10,346.88. See Exhibit C.

5 In addition, throughout the term of the Second Amended Stipulated Judgment,
6 defendant failed to make timely payment for the monthly contributions for eleven of the sixteen
7 months to date. Accordingly, liquidated damages have accrued at 20%, pursuant to paragraph 5 of
8 the Stipulation, in the amount of $18,559.31 (for the months of September 2005 through December
9 2006 contributions). Interest at a rate of 5% per annum to the date paid or until January 31, 2007
10 in the amount of $474.80, accrued on the contributions that were paid in an untimely manner. (See
11 Exhibit C). The amounts are summarized below.

12 6. Pursuant to paragraph 7(D) "Defendant or Guarantor Joe Hardman, shall pay all
13 additional costs and attorneys' fees ...in connection with collection...under this Stipulation."

14 Attorneys fees to September 21, 2005, were included in the Second Amended
15 Stipulation. Since that time attorneys fees totaling $6,590.50 were incurred during the period
16 September 22, 2005 through January 26, 2007. Additional fees and costs were incurred for multiple
17 default notices, for correspondence and conferences with clients and the administrator,
18 correspondence to and telephone conferences with defendant, and for preparation of this request to
19 issue writ of execution and supporting declaration. I personally have spent 8.4 hours from
20 September 22, 2005 through June 30, 2006 when my time was billed at rate of $170.00 per hour, and
21 4.9 hours from July 1, 2006 through January 26, 2007 when my time was billed at rate of $180.00
22 per hour, all totaling $2,310.00.

23 I am informed and believe that Michele R. Stafford, an associate with this firm
24 spent19.8 hours from September 22, 2005 through June 30, 2006 when her time was billed at rate
25 of $165.00 per hour, and 2.8 hours from July 1, 2006 through January 26, 2007 when her time was
26 billed at rate of $175.00 per hour, all totaling $3,757.00.

27 I am informed and believe that Tamra Brown, the paralegal employed by this law
28 firm, spent 2.6 hours in connection with the above matters, from September 22, 2005 through June

REQUEST TO ISSUE WRIT...
USDC Case No.: C 04-0034 BZ
- 3 -  P:\CLIENTS\GLACL\Hardman Glazing Systems\Pleading\writ request .wpd

1  30, 2006 when her time was billed at rate of $97.50 per hour, and 2.7 hours from July 1, 2006
2  through January 26, 2007 when her time was billed at rate of $100.00 per hour, for a total of
3  $523.50.
4        The additional attorneys fees reasonably incurred by plaintiffs therefore total
5  $6,590.50 through January 26, 2007.
6      7.    The amount now due under the terms of the Judgment Pursuant to Stipulation are:

| | |
|---|---|
| Balance Due on Second Amended Stipulation | $13,626.55 |
| 5% Interest on balance due ( 12/27/06 - 1/31/07) | $65.33 |
| Audit results (not included in conditional total) | $5,685.42 |
| Conditionally Waived Liquidated Damages | $49,035.21 |
| Contributions (11/06) | $10,346.88 |
| (12/06, estimated) | $10,346.88 |
| Liquidated damages @ 20% late paid contributions during stipulated payment period 9/05 - 11/06) | $18,559.31 |
| 5% per annum interest on late paid contributions during stipulated payment period until date paid or to 1/31/07) | $474.80 |
| Attorney's Fees (9/22/05 - 1/26/07) | <u>$6,590.50</u> |
| **TOTAL** | $114,730.88 |

8.    An original Writ of Execution is enclosed herein for issuance by the Court.

      WHEREFORE, it is prayed that a Writ of Execution be promptly issued for $114,730.88 plus 5% per annum interest on the Stipulated balance and contributions ($4.70 per diem beginning February 1, 2007 until satisfied), and that the Court retain jurisdiction over this matter.

Dated: January 26, 2007          SALTZMAN & JOHNSON LAW CORPORATION

                                        /s/
                            Muriel B. Kaplan
                            Attorneys for Plaintiffs

### ORDER

Let a Writ of Execution be issued in the sum $114,730.88 plus 5% per annum interest on the Stipulated balance and contributions ($4.70 per diem beginning February 1, 2007 until satisfied), in

favor of plaintiffs and against judgment debtor, Hardman Glazing Systems, Inc., and Joe Hardman (as personal guarantor for Hardman Glazing Systems, Inc.). This matter shall remain under this Court's jurisdiction.

Dated: 2 Feb 02

Bernard Zimmerman
United States District Court Judge